IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JARED LEE DOWNWARD,

          Petitioner,

v.

MICHAEL. OVERMYER, et al.,

          Respondents.

CIVIL ACTION
NO. 13-6742

**OPINION**

**Slomsky, J.**                                                                                           **March 29, 2016**

### I.   INTRODUCTION AND BACKGROUND

Before the Court is the pro se Petition for Writ of Habeas Corpus of Jared Lee Downward ("Petitioner"), a state prisoner, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On August 27, 2015, United States Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation (the "Report"), recommending that the Petition be denied and that a certificate of appealability not be issued. (Doc. No. 26.) On October 26, 2015, Petitioner filed Objections to the Report. (Doc. No. 31.) The Court has reviewed all pertinent documents, and for reasons that follow, will approve and adopt the Report (Doc. No. 26) and deny the Petition (Doc. No. 1) with prejudice.[1]

Petitioner pled guilty on July 23, 2009 to three counts each of involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, corruption of minors, and indecent assault involving three victims, as well as one count of rape of a child. Commonwealth v. Downward,

---

[1] For purposes of this Opinion, the Court has considered the pro se Petition for Writ of Habeas Corpus (Doc. No. 1), the Government's Responses to the Petition for Writ of Habeas Corpus (Doc. Nos. 9, 13, 20), Petitioner's Traverse in Support of Relief (Doc. No. 16), Petitioner's Reply to Respondents' Second Supplemental Answer (Doc. No. 23), the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (Doc. No. 26), and Petitioner's Objections to the Report (Doc. No. 31), and the pertinent state court record.

CP-36-CR-0005279-2008, Docket (Lanc. C.C.P.) ("Common Pleas Docket"); N.T. 07/23/09.

The Pennsylvania Superior Court provided the following factual account of the case:

> According to [Petitioner's] statement to police, between December 25, 2006 and January 1, 2007, [Petitioner], then 18 years old, took two brothers, C.S.P. and D.M.P., ages 12 and 13 respectively, to Laser Dome in Lancaster County. On the way home, [Petitioner] parked his vehicle in Strasbourg Township near the boys' residence and the three played "truth or dare." [Petitioner] dared C.S.P. and D.M.P. to perform oral sex on him and they eventually did.
>
> [Petitioner] then performed fellatio on the boys, who were members of [a church] youth group . . . where [Petitioner] was a youth ministry counselor. Later, in the summer of 2007, [Petitioner] performed fellatio five different times on the victim, D.M.P., at [Petitioner's] residence in Chester County, while the victim watched pornography on [Petitioner's] computer. That same night, [Petitioner] asked D.M.P. to masturbate him with his hand, which the 13-year-old did.
>
> [Petitioner] further admitted to performing fellatio on a third victim, B.J.P.[,] at least 30 times. These assaults happened at [Petitioner's] residence in Chester County between October 18, 2006, and September 12, 2008, when the victim was between the ages of 13 and 15. [Petitioner] showed the victim pornography on his computer while performing fellatio on him. The victim told police he masturbated [Petitioner] one or two times.
>
> Based on these admissions, [Petitioner] was arrested and charged with 78 counts including [IDSI], statutory sexual assault, corruption of minors, indecent assault, and rape of a child. Eventually, these charges were reduced to just 13 counts.

Commonwealth v. Downward, No. 357 MDA 2012, Memorandum at 1-2 (Pa. Super. Nov. 1, 2012) (quoting Commonwealth v. Downward, CP-36-CR-0005279-2008, Opinion at 7-8 (Lanc. Ct. Com. Pl. Dec. 21, 2011)).

> The Superior Court explained Petitioner's sentence as follows:
>
> [The] trial court imposed concurrent terms of ten (10) to twenty (20) years imprisonment for each of the [three] IDSI charges and the rape charge. The trial court sentenced [Petitioner] to concurrent terms of one (1) to two (2) years imprisonment for each of the [three] statutory sexual assault charges and concurrent terms of six (6) months to two (2) years imprisonment for each of the [three] corruption of minor charges. In addition, [Petitioner] was sentenced to consecutive terms of six (6) months to two (2) years incarceration on his first-degree misdemeanor indecent assault charge and three (3) months to one (1) year for each of his two second-degree misdemeanor indecent assault charges. As the

2

sentences for each type of crime were set to run consecutive to the other groups of offenses, [Petitioner] received an aggregate sentence of 12 1⁄2 to 28 years imprisonment.

Id.  Additionally, after being evaluated by Pennsylvania's Sexual Offender's Assessment Board, the sentencing judge adopted the Board's assessment and found Petitioner to be a sexually violent predator ("SVP") subject to lifetime registration requirements of Pennsylvania's Megan's Law.[2]  Petitioner did not file post-trial motions or a direct appeal.  (Doc. No. 26 at 3.)

On October 12, 2010, Petitioner filed a timely pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 et seq. Thereafter, counsel was appointed and Petitioner filed an amended PCRA petition.  The Magistrate Judge explained the procedural history of Petitioner's PCRA filings as follows:

> By memorandum opinion dated December 21, 2011, the PCRA court addressed the claims asserted in both the Pro Se First PCRA and counseled Amended PCRA, and granted in part and denied in part Petitioner's Amended First PCRA. PCRA counsel asked for clarification of the PCRA court's decision, after which the PCRA court entered an Amended Order dated January 19, 2012.  In the Amended Order, the PCRA court vacated [certain sentences and] ordered Petitioner to be re-sentenced. On March 30, 2012, Judge Ashworth conducted a re-sentencing hearing via videoconference, at which time he reduced Petitioner's aggregate sentence to 12 to 26 years of imprisonment.  Meanwhile, prior to his re-sentencing hearing, Petitioner filed a counseled appeal [of the PCRA court's decision] to the Superior Court, raising [a claim] . . . of ineffectiveness of trial counsel . . . By memorandum opinion dated November 1, 2012, the Superior Court affirmed the PCRA court's opinion.  Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on March 26, 2013.
>
> On April 24, 2013, Petitioner filed a second pro se PCRA petition ("Second PCRA"), raising three claims . . . On May 9, 2013, the PCRA court notified Petitioner that his Second PCRA would be denied without a hearing because the claims asserted were without merit, and because the Second PCRA was untimely.

---

[2] Megan's Law is also known as the Pennsylvania Registration of Sexual Offenders Act, 42 Pa. Cons. Stat. § 9799 et seq.  Under Megan's Law, a person who has been deemed a sexually violent predator must register with the Pennsylvania State Police upon release from incarceration. Id. § 9799.32.

3

> In response to the notice, Petitioner stated that he was advised by former PCRA counsel that a new "date of final judgment" was created for purposes of the PCRA statute of limitations when he was re-sentenced on March 30, 2012. On May 22, 2013, the PCRA court denied Petitioner's Second PCRA without a hearing.
>
> Petitioner appealed, arguing that the PCRA Court erred in denying his Second PCRA without a hearing when previous PCRA counsel advised him of his right to file a second PCRA petition in order to raise issues which counsel had omitted from the Amended First PCRA. By memorandum dated April 9, 2014, the Superior Court affirmed [the PCRA court's denial], finding that Petitioner was not entitled to any exception to the PCRA statute of limitations, and that the Second PCRA was therefore untimely. Meanwhile, on November [18], 2013 – while his Second PCRA appeal was pending before the Superior Court – Petitioner filed this pro se petition for writ of habeas corpus.

(Doc. No. 26 at 3-7 (internal citations omitted).)

As noted, on November 18, 2013, Petitioner initiated the present action by filing a pro se Petition for Writ of Habeas Corpus pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. (Doc. No. 1.) On December 4, 2013, the Court referred the case to United States Magistrate Judge Elizabeth T. Hey for a Report and Recommendation. (Doc. No. 2.) Respondents subsequently filed a Response in Opposition.[3] (Doc. No. 9.)

On August 27, 2015, Magistrate Judge Hey issued the Report, recommending that Petitioner's claims for relief be denied and that a certificate of appealability not be issued. (Doc. No. 26.) On October 26, 2015, Petitioner filed Objections to the Report. (Doc. No. 31.) Petitioner's Objections to the Report are now before the Court for review. For reasons that follow, the Court will deny Petitioner's Objections and will adopt and approve the Magistrate Judge's Report.

---

[3] Additionally, Respondents were ordered by the Magistrate Judge to supplement their Response in light of the state court's adjudication of Petitioner's second PCRA appeal. (Doc. No. 12.) Respondents filed Supplemental Answers on May 30, 2014 and December 30, 2014. (Doc. Nos. 13, 20.) Petitioner filed a traverse in support of his petition on August 4, 2014, and a Reply to Respondents' Second Supplemental Answer on February 9, 2015. (Doc. Nos. 16, 23.)

## II.     STANDARD OF REVIEW

### A.  Review of Habeas Corpus Petition

Pursuant to the AEDPA, a federal habeas Petition may not be granted on any claim which was adjudicated on the merits in State court proceedings unless Petitioner can show that the adjudication of the claims either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Woodford v. Visciotti, 537 U.S. 19, 21 (2002).  Under the AEDPA, review of state court legal and factual determinations is highly deferential.  See Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010) ("'[T]he AEDPA requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations.'  Factual determinations made by the state court are presumed to be correct, but may be rebutted by clear and convincing evidence.") (internal quotation omitted).  If a state court did not adjudicate a claim on the merits, however, the deferential standard of the AEDPA does not apply.  Id.  Rather, in such cases, "the federal habeas corpus court must conduct a de novo review over pure legal questions and mixed questions of law and fact . . ." Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)).

### B.       De Novo Review of Petitioner's Objections to Report and Recommendation

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.  Any party may file objections in response to the magistrate judge's Report and Recommendation.  Id. at § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or

5

recommendations made by the magistrate judge.  The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's Report and Recommendation.  Under that rule, Petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections[.]" Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter.  Salve Regina College v. Russell, 499 U.S. 225, 238 (1991).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

### III.   ANALYSIS

In the Petition, Petitioner raised five claims: (1) trial counsel was ineffective for failing to object to separate sentences when certain counts should have merged; (2) the court imposed the wrong mandatory minimum sentences; (3) the Commonwealth did not fix the date of offense sufficiently to avoid an ex post facto violation regarding the IDSI counts; (4) the imposition of mandatory minimum sentences violates the Eighth Amendment prohibition on cruel and unusual

punishment; and (5) the Commonwealth did not prove by clear and convincing evidence that Petitioner met the criteria for SVP status. (Doc. No. 1 at 5-13.) In recommending that the Petition be denied, the Magistrate Judge found that Petitioner's first claim was partially exhausted, and the exhausted portions of the claim were without merit. She found that the remaining four claims and part of the first claim were unexhausted and procedurally defaulted, and therefore were not subject to review.[4] (Doc. No. 26 at 23.)

Petitioner raises two Objections to the Report and Recommendation: (1) that his trial counsel was ineffective for failing to advise him that he had a right to appeal the trial court's decision; and (2) that his PCRA counsel was ineffective for failing to raise certain arguments and for failing to inform him of his right to file a second PCRA petition. Because Petitioner challenges his conviction on the grounds of ineffective assistance of counsel, the Court will briefly describe the standard for claims of ineffective assistance of counsel before addressing Petitioner's two Objections.

### A. <u>Strickland</u> Prejudice Standard

Pursuant to the Sixth Amendment of the United States Constitution, every accused individual has a right to representation that meets "an objective standard of reasonableness." U.S. Const. amend. VI; <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). In order to establish a claim for ineffective assistance of counsel, a defendant must show:

---

[4] In habeas corpus jurisprudence, a petitioner must show that the claim raised in the federal habeas petition has been exhausted. In other words, a petitioner must show that the claim was "fairly presented" to the state courts. <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971)). If not, then the claim is procedurally defaulted, and the federal court will not consider it. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-32 (1991). However, if a habeas petitioner can demonstrate "cause" for the procedural default and "prejudice" as result therefrom, the procedural default will be excused. <u>Murray v. Carrier</u>, 477 U.S. 478, 485-95 (1986). This exception allows a federal court to review the claim, even though it was not fairly presented to the state courts.

<blockquote>
First . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction [or here, plea agreement] . . . resulted from a breakdown in the adversary process that renders the result unreliable.
</blockquote>

Strickland, 466 U.S. at 687.

Thus, under the first prong of the Strickland standard, a defendant bears the burden of identifying which of his counsel's acts or omissions were not the result of "reasonable professional judgment." Id. at 690. When analyzing an attorney's conduct, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. Under the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### B. Petitioner's Objections

Petitioner does not specifically identify the portions of the Report to which he objects and the basis for such objections. Instead, Petitioner states at the outset that "[a]s a whole the Report and Recommendation should be denied as counsel throughout this case as evidenced by the record was so ineffective that Petitioner's Constitutional right to effective counsel was patiently [sic] violated in regards to the appellate rights of the Petitioner." (Doc. No. 31 at 1.) Petitioner then lists the ways in which his trial and appellate counsel were ineffective. He does not clearly separate his arguments, and the Court interprets them as objections to the Magistrate Judge's findings regarding the first claim in his Petition: that trial counsel was ineffective for failing to object to separate sentences when certain counts should have merged. Specifically, Petitioner objects to the Magistrate Judge's findings regarding: (1) Petitioner's claims of ineffective

assistance of trial counsel; and (2) Petitioner's claims of ineffectiveness of PCRA counsel. The Court will discuss each Objection in turn.

First, Petitioner claims that his trial lawyer failed to communicate to Petitioner that he had a right to appeal the trial court's decision, and this prejudiced Petitioner with regard to all subsequent appellate proceedings because he was unable to assert grounds (2), (3), and (5) of his Petition on direct appeal. (Doc. No. 31 at 3.) Because he did not raise these arguments on direct appeal, the Magistrate Judge found that they were procedurally defaulted. (Doc. No. 26 at 17.) Petitioner argues in his Objections that "Grounds 2, 3, and 5, could have been properly raised in a timely filed Direct Appeal, however due to Trial Counsel's abandonment Petitioner lost his ability to raise potentially meritious [sic] issues." (Doc. No. 31 at 3.) He states that his trial lawyer never contacted him after sentencing, and when Petitioner contacted his lawyer, his lawyer replied, "Believe me when I tell you that if I believed that I made an error in representing you I would bring it to the Court's attention on my own." (Doc. No. 31, Ex. A.) Petitioner also states that, cumulatively, the errors of his trial counsel prejudiced his case. (Doc. No. 31 at 3.)

The Magistrate Judge noted that Petitioner first raised these arguments in his Reply to Respondents' Second Supplemental Answer. (Doc. No. 23 at 4.) The Magistrate Judge stated:

> To the extent Petitioner is raising a merge claim (via ineffectiveness) beyond the specific grounds presented to the Superior Court, his claim is unexhausted, and because he cannot return to the state courts to timely exhaust the claims, it is procedurally defaulted. As a result, this aspect of the ineffectiveness claim cannot be reviewed on habeas appeal unless Petitioner can overcome the default by a showing of cause and prejudice, or that the failure to address the claim would result in a fundamental miscarriage of justice, meaning that he is actually innocent. See Werts [v. Vaughn], 228 F.3d [178, 192 (3d Cir. 2000)]; Schlup [v. Delo,] 513 U.S. [298, 327 (1995)].

(Doc. No. 26 at 17-18.) The Magistrate Judge concluded that the argument regarding Petitioner's trial counsel's ineffectiveness "[did] not apply to the claim at issue" because

9

"Petitioner did not default any ineffectiveness claim by failing to raise it on direct appeal; such claims are properly brought in Pennsylvania by way of a PCRA petition." (Doc. No. 26 at 18 (citing Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002) (claims of ineffectiveness of trial counsel should be raised for the first time on collateral appeal)).) The Court agrees with the Magistrate Judge that Petitioner's claims were properly raised in his PCRA petitions, and therefore this argument does not suffice to show "'cause' for the procedural default and 'prejudice' as result therefrom." See Murray, 477 U.S. at 485-95. Accordingly, Petitioner's first Objection will be denied.

In his second Objection, Petitioner argues that the lawyer who represented him during PCRA proceedings was ineffective because he incorrectly interpreted the law relevant to Petitioner's claims. (Doc. No. 31 at 5.) Petitioner claims that had his PCRA counsel made an argument based on Alleyne v. United States, 133 S. Ct. 2151 (2013), the PCRA court would have ruled Petitioner's conviction unconstitutional.[5] Furthermore, Petitioner argues that his PCRA lawyer gave him advice "based on an incorrect interpretation of law in Commonwealth v. Jette,

---

[5] The Supreme Court held in Alleyne that facts found to increase a mandatory minimum sentence for a crime are "elements" of a crime, not "sentencing factors," and therefore must be submitted to a jury. Id. at 2157-58. Petitioner did not raise this claim in his Petition. To the extent that Petitioner's Objections raise arguments not raised in his Petition and not addressed by the Magistrate Judge in the Report, the Court will not consider them. See Local Rule 72.1(IV)(c) ("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."); Sessom v. Wenerowicz, No. 13-2179, 2013 WL 5761303, at *1 (E.D. Pa. Oct. 24, 2013) ("Though the Third Circuit has yet to specifically address how District Courts are to deal with issues and facts first raised by habeas petitioners in an objection to a magistrate's R & R, courts within this district and around the country have routinely refused to hear arguments similarly raised for the first time in an objection to an R & R."); Stromberg v. Varano, No. CIV.A. 09-401, 2012 WL 2849266, at *2 (E.D. Pa. July 11, 2012) (collecting cases). Because Petitioner is raising this portion of his argument for the first time in his Objections, the Court will not address it.

23 A.3d 1032 (Pa. 2011)."[6] Petitioner avers that his constitutional rights were violated by his PCRA lawyer because his lawyer did not inform him that he could file a second PCRA. He asserts that if he had "known that he would lose his rights to pursue his issues he would have opted to forgo PCRA Counsels [sic] representation and pursue his PCRA pro se." (Doc. No. 31 at 5.)

The Magistrate Judge again noted that Petitioner first raised this claim in his Reply to Respondents' Second Supplemental Answer (Doc. No. 23), and she interpreted this claim as one invoking the Supreme Court decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). There, the Supreme Court of the United States held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320. Thus, PCRA counsel's alleged ineffective assistance may constitute "cause" to excuse the procedural default of an underlying claim that trial counsel was ineffective. The Magistrate Judge noted that "to take advantage of Martinez, Petitioner must 'demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that . . . the claim has some merit.'" (Doc. No. 26 at 19 (quoting Martinez, 132 S. Ct. at 1318).) The Magistrate Judge concluded:

> Here, neither Petitioner in his Pro Se First PCRA or counsel in the Amended First

---

[6] Petitioner references a letter sent to him by his prior PCRA counsel in which the lawyer directed him to Jette for a discussion of the options that a PCRA defendant has if he disagrees with the action that his assigned attorney takes. (Doc. No. 1 at 66.) In the letter, which is in response to Petitioner's question about filing a second PCRA petition, the lawyer made clear that he was "not able to give [Petitioner] any kind of conclusive answer" about the timeliness of such a filing, but he recommended that Petitioner file a second PCRA petition as soon as possible and not later than April 29, 2013. (Id.)

> PCRA argued that all of the sentences should have merged because all were based on the same activity. However, such an argument would have lacked even arguable merit. As noted above, Pennsylvania's merger law requires that crimes arise from a single criminal act to merge. There is no legal support for the notion that similar crimes against different victims should be considered a "single" act. Thus, to the extent Petitioner claims that all of his sentences should have merged, Martinez provides no escape to his default of such a patently unmeritorious claim.

(Doc. No. 26 at 19.) The Court agrees with the Magistrate Judge that Petitioner has not demonstrated that the underlying claim of ineffective assistance of counsel has merit. Petitioner asserts in his Objections that PCRA counsel "must be found to have prejudiced the outcome of this case." (Doc. No. 31 at 5.) Petitioner cites various cases supporting the right to effective assistance of counsel, but he has failed to provide legal support, either in his Habeas Petition or in his Objections, for the underlying claim. His second Objection is unfounded, as he set forth no grounds to excuse its procedural default.

## IV. CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's objections and will approve and adopt the Magistrate Judge's Report and Recommendation, denying Petitioner's claims for relief. An appropriate Order follows.